IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ERASMO GONZALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-121 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner ERASMO GONZALES has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging respondent's refusal to release him on mandatory supervised release. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
FACTUAL AND PROCEDURAL BACKGROUND

On September 1, 1996, petitioner committed the offense of indecency with a child by contact. (Record created upon state application for writ of habeas corpus [hereinafter State Writ Rcd.], *In re Gonzales*, WR 37,066-07, Judgment on Plea of Guilty, pg. 13). In November of 1996, petitioner pled guilty to the charge, which was enhanced from a second degree felony to a first degree felony based on a prior conviction for burglary of a building. (*Id.*). Petitioner received a thirty-year sentence. (*Id.*).

When he first entered the Texas Department of Criminal Justice (TDCJ), petitioner was classified as eligible for mandatory supervised release. (Respondent Thaler's Answer with Brief in Support, Exhibit A, Affidavit of Charlie Valdez, pg. 2). Thus, petitioner was under the impression his projected release date to mandatory supervision was November 10, 2008. (Petition for Writ of Habeas Corpus, Attachment #2). In October 2008, the Board of Pardons and Paroles denied supervised release under the discretion of the board. At that time, petitioner's record was further reviewed and TDCJ determined it should have classified petitioner as non-mandatory supervision eligible. (Affidavit of Charlie Valdez, pg. 2). Petitioner is now classified as non-mandatory supervision eligible but is parole eligible in September 2011. (*Id.*).

In December 2008, petitioner challenged the parole board's decision via state application for habeas corpus relief. That application was denied without written order on findings of the trial court without a hearing. After the state court's denial, petitioner filed the instant federal petition for habeas corpus relief.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend respondent is holding him in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner's due process rights have been violated by TDCJ's refusal to release him on mandatory supervision.

2. TDCJ has violated the Ex Post Facto Clause by refusing to release petitioner on mandatory supervised release.

3. TDCJ is illegally confining petitioner because TDCJ should have released petitioner to mandatory supervised release in November 2008.

III.
EXHAUSTED CLAIMS

Under the applicable section of Title 28 U.S.C. section 2254(b)(1), an applicant for federal habeas corpus relief must "exhaust the remedies available in the courts of the State" before seeking habeas corpus relief in federal court. In order to satisfy this federal exhaustion requirement, the petitioner must fairly present to the highest state court every constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992). In the State of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court with jurisdiction to review a petitioner's confinement. Generally, claims are presented to that court on direct appeal by a petition for discretionary review or through an application for a writ of habeas corpus.

Petitioner raised two grounds for habeas relief at the state court level:

(1) he was eligible for mandatory supervised release under *Ex Parte Schroeter*, 958 S.W.2d 811 (Tex. Crim. App. 1997) (discussed below); and

(2) TDCJ's continued confinement of petitioner was illegal.

(State Writ Rcd., *In re Gonzales*, WR 37,066-08, Application for Writ of Habeas Corpus, pgs. 9-10).

Petitioner did not allege before the Texas Court of Criminal Appeals the denial of mandatory supervised release violated the Due Process or Ex Post Facto Clauses, as he does in his first and second grounds of error before this Court. Petitioner did, however, contend his continued detainment was illegal, as he does in his third point before this Court. This Court liberally construes this contention as an argument that petitioner enjoys a constitutional expectancy to early release from prison based on the accumulation of good-time credits. Petitioner has a protected liberty interest in good-time credits, and is entitled to due process before he may be deprived of such credits, which event has not occurred. *See Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007).

IV.
## THE LEGALITY OF PETITIONER'S CONTINUED CONFINEMENT

As outlined above, petitioner is currently confined pursuant to a conviction for indecency with a child, which was committed on September 1, 1996. Petitioner contends he is entitled to release on mandatory supervision. The Fifth Circuit recognizes that prior to September 1, 1996, "the TDCJ-CID had no discretion in deciding when or if to release an inmate on mandatory supervision," but that as of September 1, 1996, a discretionary mandatory supervision scheme passed by the Texas Legislature took effect. *Teague*, 482 F.3d at 774-75. However, the Texas Court of Criminal Appeals apparently carved out a small exception to this general rule when it handed down the *Schroeter* case in late 1997, relied upon by petitioner. In *Ex parte Schroeter*, the Texas Court of Criminal Appeals held, "persons convicted of indecency with a child committed before May 23, 1997, must be released on mandatory supervision once their actual time served, plus good and work time credits, equal the sentence assessed." 958 S.W.2d at 813. It is uncontested in this case that petitioner's actual time served plus good and work time credits equaled petitioner's thirty-year sentence on November 10, 2008. Therefore, under the quoted portion of *Ex parte Schroeter*, petitioner would not only be eligible for mandatory supervised release, but would likely be entitled to immediate release from custody. Further review of relevant statutes and case law, however, dictates a different result.

*A. Petitioner's Eligibility for Mandatory Supervised Release*

Article 42.18 of the Texas Code of Criminal Procedure dealt with eligibility for release on mandatory supervision. In June 1995, the Texas Legislature amended section 8(c) of article 42.18 to read:

> Except as otherwise provided by this [S]ubsection *and Subsection (c-1)*, a prisoner who is not on parole shall be released to mandatory supervision by order of a parole panel when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced . . . A prisoner may not be released to

> mandatory supervision if the prisoner is serving or has previously been convicted for an offense and the judgment for the offense contains an affirmative finding under Subdivision (2), Subsection (a), Section 3g, Article 42.12, of this code or if the prisoner is serving a sentence for or has previously been convicted of: [a detailed list of offenses].

Act approved June 1, 1995, 74th Leg., R.S., ch. 263, H.B. 1433, § 1 (emphasis added).

Indecency with a child was not included in the detailed list of offenses in the version of article 42.18 approved in June 1995. *See id.* Indecency with a child was, however, included in the list of offenses in article 42.12, section 3g, referenced in the above-quoted portion of article 42.18. *See* Act approved June 19, 1993, 73rd Leg., R.S., ch. 900, S.B. 1067, § 4.01, Article 42.12, sec. 3g. In order to bring the list of offenses in both articles into agreement, the Texas Legislature amended article 42.18, section 8(c) on May 23, 1997 to include indecency with a child on the list of offenses in section 8(c). *See* Act approved May 23, 1997, 75th Leg., R.S., ch. 238, H.B. 432, § 1, article 42.18, sec. 8(c)(4).

The Texas Court of Criminal Appeals reconciled the legislative history of the two articles in *Ex parte Schroeter*. 958 S.W.3d at 812. In that case, the court held that because the Texas Legislature did not explicitly add indecency with a child into the list of offense in article 42.18 until May 23, 1997, any offender who had committed indecency with a child prior to May 23, 1997 could qualify for mandatory supervised release (even though he could not have qualified under article 42. 12) once the offender's actual time served, plus good and work time credits, equaled the sentence. *Id*. at 813.

Therefore, petitioner is correct in that his case appears to fall under the case law of *Schroeter*. Respondent fails to address petitioner's reliance on the *Schroeter* decision, but instead contends "Gonzales was never eligible for release on mandatory supervision." (Respondent Thaler's Answer with Brief in Support, pg. 11). Respondent supports this conclusion with the affidavit of Charlie

Valdez, a Program Specialist III for the Classification and Records Division of TDCJ, attached to respondent's answer. Mr. Valdez states in his affidavit, "Upon further audit of Offender's [Gonzales] record on 10-28-2008, it was determined that this sentence should have been reflecting as non-mandatory supervision eligible when he first arrived into TDCJ on 11-22-1996, due to serving an offense as described in Tex. Gov't. Code § 508.149(a), and offense having been committed on 9-1-1996." (Respondent Thaler's Answer with Brief in Support, Exhibit A, Affidavit of Charlie Valdez, pg. 2). Based on the *Schroeter* decision, TDCJ appears to be in error as to whether petitioner is mandatory supervision eligible. As detailed by the Texas Court of Criminal Appeals, on September 1, 1996, the plain language of article 42.18(c) of the Code of Criminal Procedure (now found at Texas Government Code section 508.149) did not exclude offenders convicted of indecency with a child from being eligible for mandatory supervised release. The exclusion of such offenders did not come about until May 23, 1997. Consequently, petitioner is mandatory supervision eligible. *See Schroeter*, 958 S.W.2d at 813. It is respondent's responsibility to ensure petitioner's status is accurately represented in its records. *See* Tex. Gov't Code Ann. § 508.0441 (Vernon 2004).

### B. *Petitioner's Eligiblty for Immediate Release on Mandatory Supervision*

While TDCJ should classify petitioner as mandatory supervised release eligible, petitioner is not eligible for immediate release on mandatory supervision. Petitioner has correctly read the main text of *Schroeter* so as to make him eligible for supervised release. He has failed, however, to take into account a footnote in the opinion that directly impacts his case.

After the Texas Court of Criminal Appeals determined in *Schroeter* that persons convicted of indecency with a child prior to May 23, 1997 were mandatory supervised release eligible, the court added in a footnote a caveat to the holding: "Provided . . . a parole panel has not determined such a release would endanger the public with the offense having been committed on or after September

1, 1996." *Id.* at 813, n.4 (citing Tex. Gov't Code Ann. § 508.149(b)). While the Texas Court of Criminal Appeals referenced section 508.149 of the Texas Government Code when it made this caveat, the pertinent language actually was enacted in June 1995 when the Texas Legislature amended article 42.18, as discussed above.[1]

That is, the June 1995 revision of article 42.18 also contained the addition of subsection (c-1), which is referenced at the beginning of the revised section 8(c): "[e]xcept as otherwise provided by this [S]ubsection and Subsection (c-1)." Act approved June 1, 1995, 74th Leg., R.S., ch. 263, H.B. 1433, § 1. Subsection (c-1) established, "A prisoner may not be released on mandatory supervision if a parol panel determines that the prisoner's accrued good conduct time is not an accurate reflection of the prisoner's potential for rehabilitation and that the prisoner's release would endanger the public." *Id.*, § 2. The revision also clarified, "The change in law made by this Act applies only to a prisoner serving a sentence for an offense committed on or after the effective date of this Act," which was September 1, 1996. *Id.*, §§ 3(a), 4. It was the addition of this section that created the discretionary mandatory supervision scheme in Texas because it gave the parole panel "a modicum of discretion in determining whether an inmate otherwise eligible for release on mandatory supervision should nevertheless remain in custody." *Teague*, 482 F.3d at 775.

Attached to respondent's answer is documentation from the Board of Pardons and Paroles indicating it reviewed petitioner's case on October 28, 2008 and denied his release for reasons "9D1, 9D2, 1D, [and] 4D." (Respondent Thaler's Answer with Brief in Support, Exhibit B, Board of

---

[1] Article 42.18 of the Texas Code of Criminal Procedure was repealed in 1997, but the contents of the article were incorporated into the Texas Government Code section 508. Specifically, article 42.18, sections 8(c) and 8(c-1) were moved to Texas Government Code section 508.149.

Pardons and Paroles Division, Minutes, pg. 1).[2] Reason 9D1 is the Parole Board's indication, "[t]he record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation." Texas Board of Pardons and Paroles, Board Directive # 08-03.08, passed March 21, 2008, pg. 3, § 9D1 (superseding BPP-DIR 01-02.01). Reason 9D2 means, "[t]he record indicates that the inmate's release would endanger the public." *Id.*

Therefore, under Texas Code of Criminal Procedure article 42.18, as revised in June 1995, even though petitioner is mandatory supervision eligible, his release on mandatory supervision is not mandated because he met the exception to the immediate release requirement, i.e. the parole panel determined his accrued good conduct time was not an accurate reflection of petitioner's potential for rehabilitation and that petitioner's release would endanger the public. *See* Act approved June 1, 1995, 74th Leg., R.S., ch. 263, H.B. 1433, § 2. The plain language of the act was that it applied only to a prisoner serving a sentence for an offense committed *on* or after September 1, 1996. *Id.*, §§ 3(a), 4. Petitioner committed the offense on September 1, 1996, and is clearly within the act's purview. Therefore, even though petitioner is otherwise eligible for release on mandatory supervision, he falls under the legislation permitting refusal of release to mandatory supervision. *See Teague*, 482 F.3d at 775.

Petitioner had a constitutional expectation of early release based upon his accrual of good-time credits. The language in the *Schroeter* decision directly implicates petitioner's case, and if TDCJ has in fact classified petitioner as non-mandatory supervision eligible, then TDCJ is in error. Even though petitioner escapes the limitation of article 42.18(c) (as originally enacted), however,

---

[2] Petitioner does not contest the validity of this document or its conclusions. The Court notes petitioner himself attached a "Notice of Parole Decision" to his habeas corpus application before the Texas Court of Criminal Appeals, which also reflects petitioner was denied release in October 2008 for reasons 9D1, 9D2, 1D, and 4D. (State Writ Rcd., *In re Gonzales*, WR 37,066-08, pg. 19).

he cannot avoid the discretion given to the Parole Board in article 42.18(c-1). The Parole Board determined that release in November 2008 would not be appropriate. Therefore, petitioner has failed to present any error of constitutional proportion warranting federal habeas corpus relief, and denial of the petition is required.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner ERASMO GONZALES be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of August, 2011.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See*

28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).